13-663
Yu v. Holder

BIA
Videla, IJ
A098 690 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT:
REENA RAGGI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

YONG SEN YU,
*Petitioner,*

v.                                    13-663
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Carl McIntyre, Assistant
                       Director; Christina Bechak
                       Parascandola, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Sen Yu, a native and citizen of the People's Republic of China, seeks review of a January 29, 2013, decision of the BIA affirming the March 3, 2011, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Yong Sen Yu*, No. A098 690 900 (B.I.A. Jan. 29, 2013), *aff'g* No. A098 690 900 (Immig. Ct. N.Y. City Mar. 3, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

It is undisputed that Yu is not eligible for asylum solely on the basis of his wife's forced abortion.  *See Shi*

*Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310 (2d Cir. 2007).  Nevertheless, he can still qualify for asylum or withholding of removal by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution, or he had a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *See id.* at 313; *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b).

Even assuming that Yu established "resistance," the agency did not err in finding that he failed to allege harm amounting to persecution on account of that resistance. Indeed, he did not demonstrate that he suffered economic persecution because he failed to provide any evidence establishing that the fines imposed caused him "severe economic disadvantage."  *In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).  Furthermore, the agency did not err in finding that Yu's detention for five hours, during which he was not mistreated, did not constitute persecution.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (noting that the Court had

3

previously held that two brief detentions without physical mistreatment did not constitute persecution); *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006).

Moreover, although the IJ may have erred by failing to evaluate the cumulative impact of these incidents, the BIA reasonably concluded that, considered in the aggregate, the harm Yu experienced did not rise to the level of persecution, particularly when he did not testify to having personally suffered any specific physical, mental, or economic harm. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted). Thus, the agency did not err in concluding that Yu failed to establish past persecution qualifying him for relief. *See Shi Liang Lin*, 494 F.3d at 309.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency reasonably concluded that Yu failed to

demonstrate that his fear of future persecution was well-founded.  Yu paid a fine for having a child out of wedlock and at a younger age than permitted, yet he did not demonstrate that family planning officials would continue to consider him in violation of the family planning policy based on the birth of his one child more than twenty years ago.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142-43, 160 n.20, 169-70 (2d Cir. 2008); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).  Additionally, as the agency found, Yu failed to submit evidence demonstrating that similarly situated individuals face forced sterilization.  *See Jian Hui Shao*, 546 F.3d at 160-61; *see also Jian Xing Huang*, 421 F.3d at 129.

Accordingly, because the agency did not err in finding that Yu failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied him asylum and withholding of removal because those claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  Yu does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk